USDC SCAN INDEX SHEET

















CSG    7/19/99    10:17

3:99-CV-01297   INGLE V. CIRCUIT CITY

*7*

*DECL.*

**ORIGINAL**

FILED

99 JUL 16 PM 4:07

1  REX DARRELL BERRY, ESQ. (CSB #110219)
   DAVIS, GRIMM & PAYNE
2  1111 Third Avenue
   Suite 1865
3  Seattle, WA 98101
   Telephone: (206) 447-0182
4  Fax: (206) 622-9927

5  RICHARD A. PAUL, ESQ. (CSB #57976)
   PAUL PLEVIN & SULLIVAN
6  101 W. Broadway, Suite 1330
   San Diego, CA 92101-8214
7  Telephone: (619) 744-3640
   Fax: (619) 615-0700

8

9  Attorneys for Petitioner
   CIRCUIT CITY STORES, INC.

10

11

12                    UNITED STATES DISTRICT COURT

13             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15  CATHERINE INGLE,                    )
                                        )   CASE NO. 99 CV 1297S JFS
16                 Plaintiff,           )
                                        )   DECLARATION OF PAMELA G.
17      v.                              )   PARSONS IN SUPPORT OF
                                        )   MOTION TO COMPEL
18  CIRCUIT CITY, a Virginia            )   ARBITRATION
    corporation; and DOES 1             )
19  through 100,                        )
                                        )
20                 Defendants.          )
                                        )
21  ────────────────────────────────────

22       I, Pamela G. Parsons, do hereby declare as follows:

23       1.   I currently am employed by Circuit City Stores, Inc.

24  ("Circuit City") in the position of Assistant General Counsel.  I

25  am a member of management with authority over Circuit City's

26  Arbitration Program.  I have personal knowledge of the facts stated

27  herein.

28

DECLARATION OF PAMELA G. PARSONS
IN SUPPORT OF MOTION TO COMPEL
ARBITRATION
(CASE NO. 99-CV-1297S-JFS)
(TAC)\CC\INGLE\DECL-PARSONS-MOT.CMPL            1

1    2.   On  or  about  September  9,  1996,  as  a  part  of  her
2  application process with Circuit City, Ingle, like all applicants,
3  entered into the Circuit City Dispute Resolution Agreement, by
4  which she agreed to arbitrate any and all employment-related legal
5  disputes with Circuit City.  Attached hereto as **Exhibit A** is a true
6  and correct copy of the Dispute Resolution Agreement executed by
7  Ingle on September 9, 1996.

8    3.   As  part  of  the  job  application  process,  prospective
9  applicants  are  provided  with  a  copy  of  Circuit  City's  Dispute
10  Resolution Rules and Procedures.  A true and correct copy of the
11  Dispute Resolution Rules and Procedures governing this matter is
12  attached hereto as **Exhibit B**.  Ingle acknowledged receipt of a copy
13  of the Dispute Resolution Rules and Procedures when she executed
14  the Dispute Resolution Agreement.

15    4.   Prospective applicants have a choice whether to enter
16  into the Dispute Resolution Agreement.  Applicants who initially
17  choose  to  participate  are  advised  in  writing  by  the  Dispute
18  Resolution Agreement that they have three days within which to
19  withdraw their consent and application for employment to avoid
20  being bound by the Dispute Resolution Agreement.   Ingle did not
21  withdraw her consent to binding arbitration, or application within
22  the three-day period.

23    5.   Circuit  City  does  not  consider  an  application  for
24  employment unless the Dispute Resolution Agreement is signed.  By
25  executing the Dispute Resolution Agreement, Ingle agreed to be
26  bound by the same Dispute Resolution Rules and Procedures as are
27  all Associates who applied for work with Circuit City after March

28

1  1995.

2      6.    Circuit City refers to all applicants, current and former

3  employees as "Associates."

4      7.    This Declaration is made by me voluntarily.  I have been

5  promised no benefit, nor threatened with any reprisal in connection

6  with this Declaration.

7      I declare under penalty of perjury under the laws of the

8  Commonwealth of Virginia that the foregoing is true and correct.

9

10  Date: _July 14, 1999_      _Pamela G. Parsons_
                               Pamela G. Parsons, Esq.

11  Place: _Henrico County,_

12         _Virginia_

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# CIRCUIT CITY ®

# EMPLOYMENT APPLICATION · APPLICANT SCREENING

## (Confidential)

| CIRCUIT CITY STORES, INC. IS AN EQUAL OPPORTUNITY EMPLOYER BY BOTH POLICY AND PRACTICE AND COMPLIES WITH ALL FEDERAL AND STATE LAWS WHICH FORBID DISCRIMINATION. | IT IS UNLAWFUL IN MASSACHUSETTS TO REQUIRE OR ADMINISTER A LIE DETECTOR TEST AS A CONDITION OF EMPLOYMENT OR CONTINUED EMPLOYMENT. AN EMPLOYER WHO VIOLATES THIS LAW SHALL BE SUBJECT TO CRIMINAL PENALTIES AND CIVIL LIABILITY. |

**NAME (LAST, FIRST, MIDDLE INITIAL)**  INGLE CATHERINE M

**SOCIAL SECURITY NUMBER**  465 47-2096

**STREET**  844 VIKING LANE

**CITY**  SAN MARCOS  **STATE**  CH  **ZIP CODE**  92069

RECEIVED
OCT 0 4 1996

**HOME PHONE**  (619) 471-9939  **WORK PHONE**  (619) 737-5101

Thank you for considering Circuit City as an employer. To ensure that we make a hiring decision that is right for us and you, we use a number of different selection tools and consider a great amount of information before a decision is made.  As you go through the employee selection process, you may come in contact with **some or all** of the following selection tools.

1. **Employment Application** — Complete all sections which pertain to you.  Do **not** include a resume as a substitute for completing the application. Sign and date the application. The employment application allows Circuit City to determine your qualifications and experience.  By signing the application, you authorize Circuit City to verify the information contained in the application. Falsification of information on the application or failure to provide accurate information can result in disqualification for employment or termination of employment if discovered after hire.

2. **Dispute Resolution Agreement** — This agreement requires you to arbitrate certain legal disputes related to your application for employment or employment with Circuit City. Circuit City will not consider your application unless this agreement is signed.

3. **Employment Interviews** — Several personal (or telephone) interviews may be conducted with you in order to provide more detailed information regarding your background and qualifications.

4. **Employment Eligibility Verification** — This form is required by the U.S. Department of Justice and the Immigration and Naturalization service.  It is used to verify your identity and right to work in the United States.

5. **Employment Testing** — Various tests may be administered to measure your aptitude and abilities in job related areas. While most tests are short, some administered to management level candidates may take several hours.

6. **Test for Evidence of Substance Abuse** — This is a urinalysis test for abusive levels of any chemical substance.

7. **Reference Checks** — Former employers and educational references are verified prior to an offer of employment.

8. **Records Checks** — Verification and information checks with the Social Security Administration, criminal courts, state and county repositories of criminal records, Department of Motor Vehicles, and credit bureaus.

9. **Physical Examination** — Some positions in the Company require the applicant to take a physical examination .

10. **Loss Prevention Interview** — During this interview, you will be asked questions concerning your employment application, any current and past involvement with illegal drugs, any prior felony convictions, any adverse information from prior employers, and other related matters.

EXHIBIT A PAGE 4

If you wish to be considered for em....oyment you must read and sign the foll...ng agreement. You will not be considered as an applicant until you have signed the Agreement. Included with this application is the *Circuit City Dispute Resolution Rules and Procedures*. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet you must request a copy from a Circuit City representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CIRCUIT CITY DISPUTE RESOLUTION AGREEMENT

I recognize that differences possibly may arise between Circuit City Stores, Inc. and me during my application or employment with Circuit City (Circuit City Stores, Inc. includes affiliate companies such as CarMax, Patapsco Designs and FNANB). I recognize that it is in the interest of both Circuit City and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome or adversarial than court litigation. Circuit City has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with Circuit City, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, the law of contract and law of tort.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, Circuit City may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that I still may exercise my rights under the National Labor Relations Act and file charges with the National Labor Relations Board. I further understand that I still may file administrative charges with the Equal Employment Opportunity Commission or similar federal, state or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against Circuit City.

I understand that I must file a claim for arbitration within one (1) year of the day on which I learned or, through reasonable diligence, should have learned that my legal rights were violated. I further agree that if I commence an arbitration, it will be conducted in accordance with the "Circuit City Dispute Resolution Rules and Procedures."

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between Circuit City and me. I further understand that my signature to this Agreement in no way guarantees that Circuit City will accept my application for employment. If Circuit City does accept my application for employment and I become employed at Circuit City, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation and terms and conditions of employment can be altered or terminated, with or without cause, and with or without notice, at any time, at the option of either Circuit City or myself. I understand that no store manager or representative of Circuit City, other than an Officer of Circuit City at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing or to alter the Circuit City Dispute Resolution Rules and Procedures.

The Dispute Resolution Agree~ ~'~ ~ the Dispute Resolution Rules a~. .~r~ ~dures affect your legal rights. You may wish to seek legal advice before signing this Dispute Resolution Agreement.

I have read this Agreement and understand that I should read the Dispute Resolution Rules and Procedures over the next few days.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I sign below by notifying the Applicant Screening Department in writing **(including my Social Security number and the address of the place at which I applied for employment)** that I am withdrawing my application for employment at Circuit City. The address for the Applicant Screening Department is:

> Circuit City Stores, Inc.
> Applicant Screening Department
> 9960 Mayland Drive
> Richmond, VA  23233

I understand that by so notifying the Applicant Screening Department, I will not be bound to this Agreement and that I no longer will be eligible for employment at Circuit City.  I recognize that if I sign the Agreement and do not withdraw within three days of signing I will be required to arbitrate, as explained above, employment-related claims which I may have against Circuit City, whether or not I become employed by Circuit City.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with Circuit City.  I then must arbitrate all such employment-related claims, and I may not file a lawsuit in court.

**AGREED:**

_Catherine Ongly_
Signature

_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_
Social Security No.

Date: _9/9/96_

Circuit City agrees to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate whose signature appears above.

_[signature]_
Jeffrey S. Wells
Senior Vice President, Human Resources
Circuit City Stores, Inc.

RECEIVED

OCT 0 4 1996

'PERS~~~~' ~~~~~~~~

# S T O P !

---

IF YOU HAVE **NOT** SIGNED THE AGREEMENT...
If you have decided **not** to agree to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you do not need to complete the balance of this application. We appreciate your interest in the company.

IF YOU HAVE SIGNED THE AGREEMENT...
If you have decided at this time to **agree** to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you will need to complete the balance of this application so that we can continue with your application process.

---

# EDUCATION AND TRAINING

CIRCLE LAST YEAR OF EDUCATION COMPLETED
GRADE SCHOOL      9    10    11    (12)    13    14    15        16    17    18    19    20

HIGH SCHOOL ATTENDED    Las Cruces High

DIPLOMA/G.E.D. RECEIVED?    yes ☒    no ☐

| BUSINESS SCHOOL, TRADE SCHOOL, COLLEGE OR UNIVERSITY ATTENDED | COURSE OF STUDY (MAJOR AREA OF STUDY) | YRS. ATTENDED | DEGREE REC'D | GRADE AVG. |
|---|---|---|---|---|
| NAME: Palomar College  CITY & STATE: San Marcos | General Ed. Computer Criminal Justice | 2  FROM 19 92  TO 19 94 | | C |
| NAME:  CITY & STATE: | | FROM 19____  TO 19____ | | |
| NAME:  CITY & STATE: | | FROM 19____  TO 19____ | | |
| NAME:  CITY & STATE: | | FROM 19____  TO 19____ | | |

RECEIVED BY
OCT 0 4 1996
PERSONNEL RECORDS

LIST ANY BUSINESS MACHINES YOU ARE CAPABLE OF OPERATING AND ANY OTHER SPECIAL SKILLS RELEVANT TO THE POSITION FOR WHICH YOU ARE APPLYING.

☒ ADDING MACHINE        ☒ TYPEWRITER        ☐ FORK LIFT        ☒ WORD PROCESSOR/COMPUTER
☒ CALCULATOR            ☒ SWITCHBOARD       ☒ CASH REGISTER    ☒ SOFTWARE TRAINED IN  Windows

OTHER: _____

LIST ANY HOBBIES, INTERESTS, OR ANY OTHER SKILLS OR HONORS WHICH HAVE A DIRECT BEARING ON THE JOB YOU ARE SEEKING. IDENTIFY ANY LANGUAGES, OTHER THAN ENGLISH, YOU CAN SPEAK AND UNDERSTAND. YOU ARE NOT REQUIRED TO LIST ANY INFORMATION WHICH MIGHT REVEAL YOUR RACE, RELIGION, SEX OR NATIONAL ORIGIN.

I have received many customer service pins- also I have been sent to many trainings through OHA's I have outstanding customer service skills.

6/96

EXHIBIT A  PAGE 7

# EMPLOYMENT HISTORY

LIST ALL JOBS, MILITARY SERVICE, VERIFIABLE VOLUNTEER WORK AND SELF-EMPLOYMENT IN THE USA, BEGINNING WITH PRESENT JOB. INCLUDE ANY PERIODS OF UNEMPLOYMENT GREATER THAN 1 MONTH IN DURATION. PRINT CLEARLY.

### YOU MUST COMPLETE THIS SECTION IN ITS ENTIRETY EVEN IF YOU INCLUDE A RESUME.

| NAME OF COMPANY, ADDRESS, STATE TELEPHONE NUMBER | DATES OF EMPLOYMENT MONTH-YEAR | RATE OF PAY | NAME & PHONE NUMBER OF SUPERVISOR | DUTIES & RESPONSIBILITIES | REASON FOR LEAVING |
|---|---|---|---|---|---|
| CO. NAME *Chili's Cantina* <br> STREET *1105 W. Valley Pkwy* <br> CITY & STATE *Escondido Ca* <br> PHONE # *737-5101* <br> *Regional Trainer OA* <br> JOB TITLE *Bartender/serv* | FROM *3-93* <br> *Current* <br> TO *30 wk.* <br> # HRS/WK | STARTING *4.25 +tips* <br> ENDING *4.25 + tips* <br> CIRCLE: (HR) WK MO YR | *Kevin* <br> NAME OF SUPERVISOR <br> (619) 737-5101 <br> (AREA) PHONE # <br> MAY WE CONTACT? <br> (YES) ☐ NO | training new Employees, being a roll-model employ. Policy to be followed by everyone. Making sure the Guest is 100% satisfied | Still employed I would like to work into CM |
| CO. NAME *Cloud 9 BBS* <br> STREET *844 Virginia* <br> CITY & STATE *S.M.* <br> PHONE # *744-3156* <br> JOB TITLE *Owner* | FROM *Nov 93* <br> *Sept 3 96* <br> TO *20* <br> # HRS/WK | STARTING <br> ENDING <br> CIRCLE: HR WK MO YR | NAME OF SUPERVISOR <br> ( ) <br> (AREA) PHONE # | Computer customer service. Accounting validation. In charge of all customers. | Closed Business |
| CO. NAME *Kay Bee Toys* <br> STREET <br> CITY & STATE *Canoga Park* <br> PHONE # <br> JOB TITLE *Asst Mgr.* | FROM *July 90* <br> *Oct. 93* <br> TO *40-50* <br> # HRS/(WK) | STARTING *9.00* <br> ENDING *10.25+bonus* <br> CIRCLE: HR WK MO YR | *Jim* <br> NAME OF SUPERVISOR <br> ( ) <br> (AREA) PHONE # | Inventory, Customer service, Interviewing, hiring, Firing. Store prep. Displays. All Mgr. Functions | Moved to Escondido |
| CO. NAME <br> STREET <br> CITY & STATE <br> PHONE # <br> JOB TITLE | FROM <br> TO <br> # HRS/WK | STARTING <br> ENDING <br> CIRCLE: HR WK MO YR | NAME OF SUPERVISOR <br> ( ) <br> (AREA) PHONE # | | |
| CO. NAME <br> STREET <br> CITY & STATE <br> PHONE # <br> JOB TITLE | FROM <br> TO <br> # HRS/WK | STARTING <br> ENDING <br> CIRCLE: HR WK MO YR | NAME OF SUPERVISOR <br> ( ) <br> (AREA) PHONE # | RECEIVED BY <br> OCT 0 4 1996 <br> PERSONNEL RECORDS | |

HAVE YOU EVER WORKED FOR CIRCUIT CITY OR ANY OF ITS SUBSIDIARIES?  ☐ YES ☒ NO
IF YES, WHERE _____ FROM _____ TO _____

HAVE YOU, WITHIN THE LAST TWELVE MONTHS, APPLIED FOR A POSITION WITH CIRCUIT CITY OR ANY OF ITS SUBSIDIARIES? ☒ YES ☐ NO  IF YES, WHERE *Escondido*
APPROXIMATE DATE *Aug 25, 96*

DO YOU HAVE ANY FRIENDS OR RELATIVES EMPLOYED BY CIRCUIT CITY? ☒ YES ☐ NO
IF YES, PLEASE IDENTIFY *Loren Inge, Doug Williams*

EXHIBIT A PAGE 8

| SOURCE OF REFERRAL | NEWSPA... | EMPLOYMEN... C... CY | OTHER (SPECIFY) |
|---|---|---|---|
| | X CURRENT CCS EMPLOYEE | STATE EMPLOYMENT AGENCY | |
| | COLLEGE RECRUITING | FORMER CCS EMPLOYEE | |

ARE YOU ELIGIBLE TO WORK IN THE USA?    ✓ YES    NO

ARE YOU UNDER 18 YEARS OF AGE?    YES   X NO
IF YES, DO YOU HAVE A WORK PERMIT?    YES   NO

HAVE YOU, SINCE THE AGE OF 18, BEEN CONVICTED OF A FELONY?    YES   X NO
IF YES, PLEASE EXPLAIN. _____
A CONVICTION WILL NOT NECESSARILY EXCLUDE YOU FROM EMPLOYMENT. EACH CONVICTION WILL BE JUDGED ON ITS OWN MERITS WITH RESPECT TO THE TIME, CIRCUMSTANCES AND SERIOUSNESS.

SPECIFIC TITLE OF POSITION APPLIED FOR: _CA_          TYPE OF WORK DESIRED:    FULL TIME   REGULAR
                                                        X PART TIME   X SEASONAL
                                                        — 25-30 —

DATE AVAILABLE TO BEGIN WORK: Sept. 12th          SALARY/WAGE EXPECTED: $ _____ PER YR.   $ 6.50-7.00 PER HR.

LIST HOURS AND DAYS YOU ARE AVAILABLE TO WORK.

| | SUN. | MON. | TUE. | WED. | THU. | FRI. | SAT. |
|---|---|---|---|---|---|---|---|
| FROM | 10 | 4 | 9 | 9 | 9- | 9 | 9 |
| TO | 7 | Close | 9 | 9 | 4 | 9 9:30 | 5 |

PLEASE READ CAREFULLY AND SIGN BELOW:

I hereby certify that all of the information contained in this application is complete and accurate to the best of my knowledge. I understand that, if employed, omissions or false or inaccurate statements on this application or the Loss Prevention interview may result in dismissal.

I hereby authorize all prior employers, schools, credit bureaus, Social Security Administration, law enforcement agencies and investigative agencies t give Circuit City Stores, Inc. any and all information concerning my previous employment and any pertinent information they may have, personal or othe wise, concerning my qualifications for the position applied for. I release all persons or entities from all liability for any damage that may result from fur nishing information to Circuit City Stores, Inc. I also release Circuit City Stores, Inc. and all of its employees from all liability for any damage that may result from reliance on the information furnished. I understand that if a consumer investigative report is requested, I have the right under the Fair Credit Reporting Act to request in writing, within a reasonable time, a complete and accurate disclosure of the nature and scope of the investigation. This writte request should be addressed to the location where this application is filed.

If employed by Circuit City Stores, Inc., I agree to abide by its policies, rules and regulations. I understand and agree that my employment is at-will, and therefore, my employment and compensation can terminate, with or without cause, at any time, at my option or the option of Circuit City Stores, Inc I further understand and agree that this at-will employment relationship will remain in effect throughout my employment with Circuit City Stores, Inc. or any of its affiliated companies, unless it is modified by a specific written employment contract for a special duration which is signed by an officer of Circu City Stores, Inc. at the level of Vice President or above and me. This at-will employment relationship may not be modified by any oral or implied agree ment.

I understand that this application is completed for the position or positions indicated on page 6 and that it will be necessary to reapply for other posi tions when they become available. I also understand that this application is good for only sixty (60) days from today's date. If I still desire to be consid ered for a position with the company after this application expires, it will be my responsibility to complete a new application and file it with the company.

_____          _____
SIGNATURE OR APPLICANT                     9/9/9...  DATE SIGNED

Form # P1160  Rev. 6-96

EXHIBIT  A  PAGE  9

# EXHIBIT "B"

# DISPUTE RESOLUTION RULES
# AND PROCEDURES

EXHIBIT _B_ PAGE _10_

# CIRCUIT CITY DISPUTE RESOLUTION
# RULES AND PROCEDURES

**Rule 1.** PURPOSE

Circuit City (the Company) has established an employment dispute resolution procedure, culminating in formal arbitration, designed to provide Associates with a fair, private, exclusive, expeditious, final and binding means for resolving legal disputes arising out of, or relating to, their employment with Circuit City, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the Circuit City Dispute Resolution Agreement.

**Rule 2.** CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims of an Associate arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with Circuit City or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted Associate claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, intentional/negligent infliction of emotional distress or defamation.

Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) or under the National Labor Relations Act shall not be subject to arbitration. Statutory or common law claims alleging that Circuit City retaliated or discriminated against an Associate for filing a state employment insurance claim, however, shall be subject to arbitration.

**Rule 3.** DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the Court shall dismiss the lawsuit and require the Associate to arbitrate the dispute.
If an Associate files a lawsuit in court involving claims which are, and other claims which are not, subject to arbitration, the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

4

EXHIBIT **B** PAGE __11__

## Rule 4.   COMMENCEMENT OF ARBITRATION

### a.   PROCEDURE

An Associate shall commence an arbitration by filing the attached Circuit City Associate Arbitration Request Form with a required filing fee of $75 (made payable with a cashier's check or money order to Circuit City Stores, Inc.) to:

> Arbitration Coordinator
> Circuit City Stores, Inc.
> 9950 Mayland Drive
> Richmond, Virginia 23233-1464

Any Arbitration Request Form which is **not** accompanied by the required filing fee will **not** be accepted and will be returned to the Associate.

### b.   TIME LIMITS

#### i.   FILING OF REQUEST FOR ARBITRATION

The "Circuit City Associate Arbitration Request Form" shall be submitted not later than **one year** after the date on which the Associate knew, or through reasonable diligence should have known, of the facts giving rise to the Associate's claim(s). The failure of an Associate to initiate an arbitration within the one-year time limit shall constitute a waiver with respect to that dispute relative to that Associate.

#### ii.   "CIRCUIT CITY'S RESPONSE

Within 21 calendar days of receipt of an Associate's Arbitration Request Form and the accompanying filing fee, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

The Response, which also shall be mailed to the Associate's attorney if one has been retained, shall describe the Company's position regarding the allegations in the Associate's Arbitration Request Form.

### c.   NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first class mail, postage prepaid, as follows:

| | |
|---|---|
| If to Circuit City: | (i) Arbitration Coordinator<br>Circuit City Stores, Inc.<br>9960 Mayland Drive<br>Richmond, Virginia 23233-1464; or<br>(ii) to the Company's attorney as designated in writing by the Company. |
| If to the Associate: | (i) to the Associate's address of record as it appears on the Arbitration Request Form; or<br>(ii) to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate |

EXHIBIT **B** PAGE **12**

Arbitration Request Form, or:

> (ii) to the Associate's attorney as designated in the Arbitration
> Request Form or later designated in writing by the Associate.

## Rule 5.  SELECTION OF AN ARBITRATOR

Circuit City and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within 21 calendar days after the Company receives the Associate's Arbitration Request Form and the accompanying filing fee, Resolute Systems, Inc. (Resolute) or other Arbitrator and/or Arbitration Service as agreed to by the Parties shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable.

## Rule 6.  TIME AND PLACE OF ARBITRATION

The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location of the Associate's last employment with the Company, unless the Parties agree otherwise.  If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and an award rendered, as soon as possible.  There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7.  REPRESENTATION

Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8.  DISCOVERY

### a.  INITIAL DISCLOSURE

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party shall provide the opposing Party with any and all documents relevant to any claim or defense.

Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

6



EXHIBIT B PAGE 13

b.   OTHER DISC     ERY

### i.   INTERROGATORIES/DOCUMENT REQUESTS

Each Party may propound one set of 20 interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within 21 calendar days of receipt of the interrogatories.

### ii.   DEPOSITIONS

A deposition is a statement under oath that is given by one party in response to specific questions from the other party, and usually is recorded or transcribed by a court reporter. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

### iii.   ADDITIONAL DISCOVERY

Upon the request of any Party and a showing of **substantial need**, the Arbitrator may permit additional discovery, but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

## c.   DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

## d.   TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9.   HEARING PROCEDURE

### a.   WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any other person necessary for the issuing Party to prove its case.

### i.   SUBPOENAS

A subpoena is a command to an individual to appear at a certain place and time and give testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than    calendar days prior to the commencement of an arbitration hearing or deposition.

Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

ii.    SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

b.   EVIDENCE

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

c.   BURDEN OF PROOF

An Associate has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, an Associate must prove that the Company's conduct with respect to the Associate was a violation of applicable law.

d.   BRIEFING

Each Party shall have the opportunity to submit one pre-hearing and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to 20 double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the reporting service.

e.   TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

f.   CONSOLIDATION

i.    CLAIMS

The Arbitrator shall have the power to hear as many claims as an Associate may have against the Company consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form, provided the Associate adding claims notifies the Company at least 30 calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they are added and the Company is not prejudiced in its defense by such addition.

8

ii. PART I.

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek relief on behalf of the group).

g. CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process.

All settlement negotiations, mediations, and the results thereof shall be confidential.

## Rule 10. SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is or was predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the District in which the Associate is or was predominantly employed.

## Rule 11. ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes.

a. JURISDICTION

The Arbitrator's authority shall be limited to deciding the case submitted by the Associate. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that Circuit City have "just cause" to discipline or discharge an Associate or to change the terms and conditions of employment of an Associate unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

b. SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## Rule 12. AWARD

EXHIBIT B PAGE 16

Within 21 calendar days after receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

## Rule 13. FEES AND EXPENSES

### a.   COSTS OTHER THAN ATTORNEY FEES

**1. Definitions**
Costs of an arbitration include the daily or hourly fees and expenses (including travel) of the Arbitrator who decides the case, filing or administrative fees charged by the Arbitration Service, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

**2. Filing Fee/Costs of Arbitration**
An Associate initiating an arbitration shall pay a filing fee of seventy-five dollars ($75) made payable with a cashier's check or money order to Circuit City Stores, Inc. Circuit City shall advance the remainder of the costs of the arbitration. Each Party shall advance its own incidental costs and pay its own attorney fees. Subject to the other provisions of this Rule set forth below, each Party shall pay one-half of the costs of arbitration following the issuance of the arbitration award.

**3. Shifting of Costs**
If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate, and the Arbitrator may require that Circuit City pay the Associate's share of the costs of arbitration and incidental costs. If Circuit City prevails in arbitration, the Arbitrator may require the Associate to pay Circuit City's share of the costs of arbitration and incidental costs.

**4. Payment of Costs**
The Parties shall pay all previously unpaid arbitration costs within ninety (90) calendar days of the issuance of the arbitration award. If the Associate is required to pay some or all of the costs or fees of arbitration and either pays, or makes arrangements to pay, said costs or fees within ninety (90) calendar days after the issuance of the arbitration award, the Associate's liability for the costs and fees of arbitration, other than attorney fees, shall be limited to the higher of $500 or three percent (3%) of the Associate's most recent annual compensation at Circuit City. If the Associate fails to pay, or fails to make arrangements to pay, the Associate's share of fees and costs within ninety (90) calendar days, the limitation shall not apply.

If the Associate fails to pay, or fails to make arrangements to pay, within ninety (90) calendar days, and the Associate is still employed by the Company, Circuit City may deduct the amount owed from the Associate's paycheck. Such deduction may not exceed a rate of five percent (5%) of the Associate's compensation per pay period.

10



b.   ATTORNEY F  ;

Each Party generally shall be liable for its own attorney fees. If the Associate prevails in arbitration, the Arbitrator shall have discretion to award the Associate reasonable attorney fees. If Circuit City prevails in the arbitration, the Arbitrator shall have discretion to require the Associate to pay the Company's reasonable attorney fees if the Arbitrator finds that the Associate's claim was frivolous, or presented in bad faith or for an improper purpose, such as to harass the Company.

An award of attorney fees to either Party shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

## Rule 14. REMEDIES AND DAMAGES

If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award one or more of the following:

1. Injunctive relief, including reinstatement to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment;

2. If reinstatement at the place of the Associate's last employment is not practical, reinstatement to a comparable position at Circuit City in the same general geographic market area;

3. Full or partial back pay and reimbursement for lost fringe benefits, but only up to one year from the point at which the Associate knew or should have known of the events giving rise to the alleged violation of law, with interest, reduced by interim earnings, public or private benefits received, and amounts that could have been received with reasonable diligence;

4. If reinstatement is not practical or reasonable under the circumstances, recognizing that in only rare cases will reinstatement be impractical but nevertheless warranted, the Arbitrator may award up to 24 months of front pay in lieu of reinstatement;

5. Compensatory damages in accordance with applicable law;

6. Punitive damages in an amount up to the greater of:
    (a) an amount equal to the monetary award, if any, rendered pursuant to Subsections 3 and/or 4 of this Rule; or
    (b) $5,000.

## Rule 15. SETTLEMENT

The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

## Rule 16. ENFORCEABILITY

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration.

## Rule 17. APPEAL RIGHTS

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq.

## Rule 18. SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

## Rule 19. TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES

Circuit City may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31st of any year upon giving 30 calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the Arbitration Request Form and accompanying filing fee is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all Circuit City locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year.

EXHIBIT **B** PAGE 19



# *IRCUIT CITY* ®

*Where Service is State of the Art ®*

## ARBITRATION REQUEST FORM

**(Please Print or Type)**

Name: _____   Social Security No.: _____

Telephone: _____

Address of Record: _____
 Street                                   City

_____
 State                                    Zip

Position: _____   Status (full or part time): _____

Date of Hire: _____   Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims or other).

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)

Please include the names of any witnesses to the Company's alleged unlawful action.

_____

_____

_____

_____

_____

EXHIBIT _B_  PAGE _20_

Please state how you would like your dispute with Circuit City resolved.

_____

_____

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)

If you will be represented by an attorney, please identify that person below.

_____

Name of Representative

_____

_____

Address

_____

Telephone

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with Circuit City or its affiliate which have been or could have been raised under my Arbitration Agreement with Circuit City. I understand that to initiate this arbitration, I must submit with this Request Form a filing fee of seventy-five dollars ($75) in the form of a cashier's check or money order made payable to Circuit City Stores, Inc. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for one-half of the arbitration fees and expenses, as set forth in Rule 13 of the Circuit City Dispute Resolution Rules and Procedures.

SIGNED:

_____          _____
Associate                                Date

_____          _____
Associate's Attorney                     Date

EXHIBIT __B__ PAGE __21__